# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00197-EWN-BNB

AMERICAN FIRE AND CASUALTY INSURANCE COMPANY, and
THE OHIO CASUALTY INSURANCE COMPANY,

    Plaintiffs,

v.

BCORP CANTERBURY AT RIVERWALK, LLC, AS NOMINEE, et al.

    Defendants.
_____

## ORDER CERTIFYING QUESTION OF LAW TO
## THE COLORADO SUPREME COURT
_____

    THIS MATTER comes before the Court on remand from the Tenth Circuit Court of Appeals for, *inter alia*, consideration of whether David Hosler, Christine Suess and/or Debbie Eytcheson suffered physical manifestations of their emotional distress sufficient to constitute "bodily injury" within the meaning of certain liability insurance policies issued by Admiral Insurance Company. The Tenth Circuit found Colorado law on this point to be unsettled, and suggested that this Court may wish to consider certifying the question to the Colorado Supreme Court.

    During a status conference, this Court heard argument of counsel on the certification issue and determined that the interests of justice were best served by certifying the "bodily injury" question to the Colorado Supreme Court for guidance on the proper interpretation of Colorado law. This Court believes that the

1

questions of Colorado law presented to this Court may be determinative of the cause currently pending before this Court. Further, this Court believes that there is no controlling precedent in the decisions of the Colorado Supreme Court. In *National Cas. Co. v. Great Southwest Fire Ins. Co.*, 833 P.2d 741 (Colo. 1992), the Colorado Supreme Court held that the term "bodily injury," as defined in a typical general liability policy, does not encompass purely emotional harm, but that it does include emotional distress that physically manifests. However, the Colorado Supreme Court has not defined the parameters for what constitutes covered "physical manifestations of emotional distress". It further appears that the Tenth Circuit Court of Appeals is in agreement that there is no controlling Colorado Supreme Court precedent, and that the issue may be determinative of the case pending before this Court. Accordingly, pursuant to Colorado Appellate Rule 21.1, this Court believes that certification of the following question(s) is appropriate.

NOW, THEREFORE, this Court hereby certifies to the Colorado Supreme Court the following questions of law for which there appears to be no controlling precedent:

> Does the physical manifestation of emotional distress in the form of insomnia, sleeplessness, sleep loss, exhaustion, and exacerbation of problems with the lower back, as those conditions are described in the trial testimony of claimants David Hosler, Christine Suess and/or Debbie Eytcheson, constitute "bodily injury" under Colorado law as defined in pertinent part by the insurance policies as "bodily injury, sickness or disease"?

In consideration of the foregoing question, the Court sets forth the following facts relevant to the questions of law, and which fully show the nature of the controversy in which the questions arise:

BCORP Arlington, LLC and BCORP-HRT, LLC (collectively, "BCORP") were, respectively, the developer and general contractor for a condominium project in Arapahoe County, Colorado, commonly known as "Arlington."

BCORP did not construct Arlington's floor-to-ceiling assemblies and demising wall assemblies in accordance with the plans and specifications. BCORP's deviations from the plans had an adverse impact on the soundproofing between units. As a result, the unit owners were able to hear various noises from other units that were beyond what was to be expected in a multi-family unit dwelling.

On August 14, 2001, a "Sound Committee" formed by Arlington's homeowners association wrote to BCORP complaining of the noise issues. After initially denying there was a problem, BCORP attempted, unsuccessfully, to remedy the noise issues. Dissatisfied with the attempted repairs, several unit owners, including David Hosler, Christine Suess and Debbie Eytcheson, sued BCORP in Colorado District Court for Arapahoe County in an action entitled *Williams et al. v. BCORP-HRT, LLC et al.* Only the claims of Mr. Hosler, Ms. Suess and Ms. Eytcheson (collectively, the "Homeowners") went to trial.

A two week jury trial commenced on June 13, 2005. During trial, Mr. Hosler testified as set forth in Exhibit 1, Ms. Suess testified as set forth in Exhibit 2 and Ms. Eytcheson testified as set forth in Exhibit 3. At the conclusion of the trial, the jury found in favor of the Homeowners on their claims for negligence and negligent repair. With regard to damages, the jury was instructed as follows:

Instruction No. 33

Each individual plaintiff has the burden of proving, by a preponderance of the evidence, the nature and extent of their individual damages. If you find in favor of each individual plaintiff on their claims of negligence, negligent repair, or

3

> violation of the Colorado Consumer Protection Act, you must determine the total dollar amount of each individual plaintiff's damages, if any, that were caused by the negligence by the particular defendant.
>
> In determining such damages, you shall consider the following:
>
> 1. Any non-economic losses or injuries which each individual plaintiff has had to the present time or which each individual plaintiff will probably have in the future, including: mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.
>
> 2. Any economic losses or injuries which each individual plaintiff has had to the present time or which each individual plaintiff will probably have in the future. In considering damages in this category, you should not include cost of repairs or loss of use because these damages, if any, are to be included in a separate category.
>
> 3. The reasonable cost of additional necessary future repairs to the property.
>
> 4. An amount that will reasonably compensate the plaintiff for any loss of use of his or her condominium unit during the time reasonably required to make the reasonable and necessary future repairs.

The jury awarded the Homeowners $150,000 each in non-economic damages.[1] The trial court entered judgments in favor of the Homeowners, which judgments included, *inter alia*, the $150,000 non-economic damage awards.

During the pendency of the forgoing lawsuit, two of BCORP's insurers, American Fire and Casualty Company ("American Fire") and the Ohio Casualty Company ("Ohio Casualty"), commenced a declaratory judgment action in this Court seeking a declaration that their policies did not provide coverage for the alleged damages. Admiral Insurance Company ("Admiral"), another of BCORP's insurers, and the Homeowners were joined as defendants. Admiral filed cross-claims for declaratory relief against BCORP and the Homeowners seeking a

---

[1] The jury also awarded other damages, but the Homeowners do not urge coverage for those damages in this matter.

declaration that its policies also did not provide coverage for the Homeowners alleged damages. Pursuant to *Constitution Associates v. New Hampshire Ins. Co.*, 930 P.2d 556 (Colo. 1996), this Court stayed the coverage action pending resolution of the underlying lawsuit.

On or about March 17, 2006, after the conclusion of the underlying lawsuit but before this Court made any determinations with respect to coverage, BCORP filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Admiral thereafter moved the Bankruptcy Court for permission to pursue it declaratory judgment action in this Court.

After what have been described as protracted negotiations, the Bankruptcy Court approved an agreement whereby: (1) all coverage issues with respect to American Fire and Ohio Casualty were resolved; (2) BCORP's rights of indemnity for the judgments entered in favor of the Homeowners were assigned to the Homeowners; and (3) Admiral was given permission to pursue its declaratory judgment action with respect to those judgments. Whether the judgments include a covered "bodily injury" component is the only issue remaining in this case.

Admiral insured BCORP for the policy periods January 31, 2001 to January 31, 2002, and January 31, 2002 to February 5, 2003. Admiral's Insuring Agreements for Bodily Injury and Property Damage Liability state, in pertinent part:

> **Insuring Agreement**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. …
> …
> b. This insurance applies to "bodily injury" and "property damage" only if:

5

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period.

Admiral's policies define "bodily injury" as follows:

> "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

After obtaining relief from the automatic bankruptcy stay, Admiral sought summary judgment on the issue of whether its policies provided coverage for the judgments entered in favor of the Homeowners. The Homeowners conceded that Admiral's policies did not provide coverage for their economic losses, future repair damages and future loss of use damages. However, the Homeowners contended that the non-economic damages entered in their favor included covered "bodily injury" damages. This Court found in favor of Admiral, but the Tenth Circuit reversed and remanded for further consideration of the issues under a proper record. This Court now requests the Colorado Supreme Court's guidance as to the legal issues set forth above.

DATED this 26th day of August, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge