IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–00197–EWN–BNB

ADMIRAL INSURANCE COMPANY,

    Plaintiff,

v.

DAVID HOSLER,
CHRISTINE SUESS, and
DEBBIE EYTCHESON,

    Defendants.

---

# ORDER

---

This matter comes before the court on the Motion for Expedited Reconsideration of Certification Order With D.C.Colo.LCivR 7.1[A] Certification (Doc. 208). "Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are normally accepted as the offspring of [Federal Rule of Civil Procedure] 59(e) which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment." *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (citation and internal quotation marks omitted). A motion to reconsider may also be appropriate under Rule 60(b), which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct

by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . .; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2008).

Motions to reconsider "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As the Tenth Circuit notes, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citation omitted); *see also Hilliard v. Dist. Court of Comanche County*, 100 Fed. App'x 816, 819 (10th Cir. 2004) (stating that a district court does not abuse its discretion in denying a motion to reconsider where a petitioner simply "'revisits albeit in somewhat different forms, the same issues already addressed and dismissed by the court'" because motions to reconsider are "'not intended to be a substitute for a direct appeal'" [citations omitted]). Instead, grounds warranting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 [10th Cir. 1995]). In the court's view Defendant advances no new argument, and its previous arguments have been properly considered. Accordingly, it is

**ORDERED** as follows:

1.    Except as stated below, the motion is DENIED.

2.  The clerk of this court will forthwith transmit to the Colorado Supreme Court all of the exhibits which should have been attached to the Certification Order (Doc. 202). Those attachments consist of Attachments #2 through #5 of Doc. 197, the transcripts of state proceedings. If necessary, the clerk may confer with the parties confirming the transmission.

Dated this 28th day of August, 2008.

> BY THE COURT:
>
> s/ Edward W. Nottingham
> EDWARD W. NOTTINGHAM
> Chief United States District Judge